IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AARON DARNELL STEWART,    :
                               :

          Plaintiff,          :
                               :

      v.                  : Civil Action No. 23-338-CFC
                               :

TIAA, et al.                :
                               :

          Defendants.     :

Aaron Darnell Stewart, Wilmington, Delaware.  Pro Se Plaintiff.


**<u>MEMORANDUM OPINION</u>**


January 16, 2024
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Aaron Darnell Stewart appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6)  The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.  BACKGROUND

Plaintiff's Complaint contains very little information.  He asserts that he is bringing this suit pursuant to this Court's federal question jurisdiction and, by way of explanation, states only "Human Rights as of the Constitution as follows." (D.I. 2 at 3)  In a place designating for establishing why venue is appropriate in this Court, he wrote "Cause of the Oath to Office; the best to the defense of Offense being committed in this captioned in the above epistte [sic]." (*Id.* at 4)  The entirety of the factual narrative he provided was: "It triggered the P.T.S.D. where I've to maintain equilibrium, mental anguish." (*Id.*)  He used one word to identify and describe his injuries: "Traumatic." (*Id.* at 7)  He requested $7,952.15 in damages and "Return funds being withheld." (*Id.*)  It is unclear if the funds he wants returned are $7,952.15, or an additional amount.

## II.  LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that

2

a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

Plaintiff has failed to state a claim. It is unclear both what claims he seeks to bring and upon what facts those claims are based. The Complaint will be dismissed, but Plaintiff will be given one opportunity to file an amended complaint.

## IV.   CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff will be given leave to file an amended complaint.

This Court will issue an Order consistent with this Memorandum Opinion.